PER CURIAM.
Corre Leon Wells challenges the denial of his motion for post-conviction relief, made on the authority of rule 3.850, Florida Rules of Criminal Procedure, in which he raised several claims of ineffective assistance of counsel. Wells’ motion was denied without an evidentiary hearing, but the record attachments to the order denying relief do not refute Wells’ claim that defense counsel rendered ineffective assistance for failing to object to, or seek a curative instruction regarding, numerous statements by the prosecutor which Wells asserts are improper on vai'ious grounds. When the trial court denies a 3.850 motion without holding an evidentiary hearing, an appellate court “must accept a defendant’s factual allegations as true to the extent they are not refuted by the record.” *589 Floyd v. State, 808 So.2d 175, 182 (Fla.2002); see also Occhicone v. State, 768 So.2d 1037, 1041 (Fla.2000). As indicated, the limited record before us does not refute Wells’ claim regarding the failure of defense counsel to address prosecutorial misconduct. We therefore reverse the order denying postconviction relief as to this claim and remand for the attachment of excerpts of record refuting this claim or the holding of an evidentiary hearing on this limited issue. In other respects, the order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.